PER CURIAM.
Appellant was informed against, charged with breaking and entering, grand larceny and receiving or concealing stolen property. He was tried before a jury and found guilty of the last mentioned offense, and was sentenced to confinement for a period of five years.
Two contentions are made by the appellant; one is that the court should have granted a directed verdict, contending the element of knowledge by the defendant was without evidentiary support in the record; the other related to charges, under which it was argued that the charge as to circumstantial evidence was not adequate or proper.
No useful purpose could be served by detailing the evidence. The finding of guilt is supported by the record, and the necessary element of knowledge on the part of the defendant was adequately established by circumstantial evidence.
Appellant argues that the trial judge in charging the jury made eight separate references to the requirement that the proof should be beyond and to the exclusion of a reasonable doubt, but gave only a single charge with reference to circumstantial evidence. The latter charge was, however, adequate.[1] On reading the charges as a whole we must conclude that the appellant’s contention with reference thereto is without merit.
Affirmed.

. This portion of the court’s charge was as follows:
“Circumstantial evidence may be relied upon to establish guilt and a well connected chain of circumstances establishing a fact is as conclusive of the existence of such fact as is the greatest array of positive testimony but the value of circumstantial evidence consists in the conclusive nature and tendency of the circumstances relied upon. They must not only be consistent with guilt but must be inconsistent with innocence. Such evidence is always insufficient where assuming all to be proved which the evidence tends to prove some other reasonable hyothesis may still be true. What circumstances will amount to proof can never be a matter of general definition. The legal test is sufficiency to satisfy the understanding and consciences of the jury to the exclusion of every reasonable doubt. The force of circumstantial evidence being inconclusive in its character, the mere coincidence of a given number of circumstances with a hypothesis of guilt or that they would account for or concur with or render probable the guilt of the accused is not a reliable or admissible test unless the circumstances are to such a degree of cogency and force as in the order of natural cause and effect to exclude to a reasonable certainty every hypothesis except the single one of guilt.”